14-3007-cr
*United States v. Kelvin Martinez*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:   CHESTER J. STRAUB,
                      DENNY CHIN,
                      SUSAN L. CARNEY,
                                          *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                                          *Appellee*,

                                    v.                                                      14-3007-cr

KELVIN MARTINEZ,
                                          *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:          GLENN A. GARBER, Glenn A. Garber, P.C.,
                                                          New York, New York.

FOR APPELLEE:                                  BRENDAN F. QUIGLEY, Damian Williams,
                                                          Michael A. Levy, Assistant United States
                                                          Attorneys, *for* Preet Bharara, United States
                                                          Attorney for the Southern District of New
                                                          York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Kelvin Martinez appeals from a judgment entered July 25, 2014, following a jury trial, convicting him of conspiring to distribute and possess with an intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and of possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). The district court sentenced Martinez principally to the mandatory minimum term of 120 months' imprisonment, to be followed by five years' supervised release. In a counseled brief, Martinez challenges a number of the district court's evidentiary rulings at trial. Martinez additionally submits a *pro se* brief in which he raises issues concerning the indictment, the sufficiency of the evidence, a Fourth Amendment violation, and his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

## I. Limitation of Witness Testimony

Martinez argues that the district court abused its discretion by refusing to reopen the cross-examination of a cooperating witness, by limiting cross-examination of

the government's expert chemist witness, and by restricting Martinez's questioning of law enforcement witnesses about their background investigation of the cooperator.

We review a district court's decision to restrict cross-examination for abuse of discretion. *See United States v. Crowley*, 318 F.3d 401, 417 (2d Cir. 2003). The Sixth Amendment right to confront witnesses is applicable to cross-examination proceedings. *See Davis v. Alaska*, 415 U.S. 308, 315-16 (1974). The right to cross-examination, however, is not absolute. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

First, the district judge did not abuse his discretion in refusing to reopen the cross-examination of the cooperator, as defense counsel had a full opportunity to cross-examine the witness, including about his criminal history and what he hoped to gain by cooperating. Moreover, the district court reasonably found that the additional areas that defense counsel wanted to explore were "completely collateral" and not "ultimately impeaching." App. at 454-56. Therefore, the jury had sufficient information with which to evaluate the witness's credibility and his motives for testifying against Martinez.

Second, the district court did not improperly curtail defense counsel's cross-examination of DEA chemist Brian O'Rourke. On direct, O'Rourke's limited testimony was that he tested the substance found in Martinez's car during his arrest and that it was cocaine. On cross, Martinez questioned O'Rourke at length about the colors, dosages, and chemical compositions of different prescription pills. Eventually, the district court interjected that the questioning had gone "way beyond the scope" of direct examination. *Id.* at 501. The district court determined that defense counsel had "ably put on the record" the foundation for his argument that the text messages referred to pills instead of cocaine and that further testimony regarding the chemical composition of different types of prescription pills would not be helpful. *Id.* at 509-12. These determinations were not unreasonable.[1]

Last, the district court did not abuse its discretion by refusing to permit defense counsel to cross-examine the law enforcement witnesses about their investigations into the background of the cooperating witness. During the government's examination of the cooperator, the government introduced the cooperator's cooperation agreement and elicited testimony that the agreement obligated the witness to tell the truth. Martinez contends that this opened the door to permit him to cross-examine the agents about their investigation into the cooperator's background.

---

[1] Similarly, the district court did not abuse its discretion in refusing to grant Martinez's request for a continuance to call his own chemist, where the request was made well after the trial had started, the proposed witness was not identified, and defense counsel had ample notice before trial that the government would be calling a chemist, and that the interpretation of the text messages would be a central issue at trial.

When the defense attacks the credibility of a government witness, however, the government may introduce a truth-telling provision in the witness' cooperation agreement to rehabilitate the witness. *See United States v. Carr*, 424 F.3d 213, 228 (2d Cir. 2005). Here, Martinez had attacked the witness's credibility in his counsel's opening statement and the government therefore was permitted to resuscitate his credibility. Nor did the government's introduction of the truth-telling provision amount to an expression of the prosecutor's belief about the witness's credibility, nor did it put the government's own assessment of his credibility at issue. *See id.* Accordingly, there was no abuse of discretion.

## II. Issues Raised in Martinez's Pro Se Appellate Brief

Martinez filed a *pro se* supplemental brief arguing that there was a constructive amendment of the indictment, the evidence was insufficient to prove a single conspiracy, his Fourth Amendment rights were violated when agents conducted a warrantless search of his cellphone, and the sentence was procedurally and substantively unreasonable. We have considered all of the arguments and conclude that they lack any merit.

* * *

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 5 -